## PENNIMAN *vs.* FISKE.*

*Twelfth Judicial District Court, July*, 1857.

### SLANDER.

The calling of a person "a thief," is actionable, and special damage need' not be shown.

Charging a person with being "untrustworthy" authorizes the recovery of special damages, if shown, unless a proper justification is proven.

This was an action to recover $20,000 for alleged slanderous words spoken by defendant, of and concerning plaintiff. The first count in the complaint sets forth that in March, 1856, plaintiff was in the employment of Bull, Baker & Co., at Shasta, and in consequence of the utterance of the words complained of, and given below, Penniman was discharged from his situation. The slanderous words charged are: " Since he [meaning the plaintiff] has come to this country, he has greatly changed, and will now lie, trifle, and deceive his friends ; he [meaning plaintiff] spends his money foolishly, * * * and has been accused of stealing money from a firm he was with here."

The second count charges that the defendant, intending to injure plaintiff in his good name, and to cause said Penniman to be discharged from his employment, did say, speak, and publish of and concerning plaintiff, these words: " Penniman is not trustworthy," thereby meaning and intending, it is alleged, that plaintiff was not deserving of confidence, and that he was a person unfit to be employed by said Bull, Baker & Co.

A third count charges defendant with calling plaintiff " a thief." All these words are alleged to have been spoken and published in the presence of divers persons, in the usual form.

The answer of defendant denies all the allegations of the complaint except the words " Penniman is not trustworthy " were spoken by him, and the truth of this statement is alleged. Defendant denies also that plaintiff suffered any special damage, or that he was discharged by Bull, Baker & Co. by reason of the words complained of being uttered.

* See page 5, ante.

The evidence went to show that Fiske, the defendant, is one of the firm of Drexel, Sather & Church, Bankers at Sacramento, and that Penniman was a clerk at Bull, Baker & Co.'s from October, 1855, until May, 1856. It appeared that Baker, one of plaintiff's employers, was informed in San Francisco, in April, 1856, about one month after the alleged slanderous words were spoken, of their import, and thereupon wrote to his partner in Shasta to discharge Penniman from their employ, which was done on the receipt of the letter by Mr. Robbins. The person who informed Baker of the character given to Penniman, referred to Fiske as his authority. Baker, after writing to his partner, called upon defendant and inquired what he knew of plaintiff. Fiske informed Baker that Penniman was untrustworthy and could not be relied upon. Plaintiff also introduced a letter written by Baker to Mr. Robbins, his partner at Shasta, informing him that he had received this information concerning the character of Penniman, and directed his discharge from their employ, and to have nothing to do with him or with any house with which he was connected. Mr. Robbins discharged Penniman on receipt of this letter. Robbins' deposition was read for plaintiff to the jury. He testified up to the time of the reception of Baker's letter Penniman had his confidence, and gave satisfaction in the discharge of his duties. Plaintiff, it appeared, subsequently discovered the author of the slanderous charges, and called upon Baker in San Francisco, and attempted to convince him they were unfounded. Baker, it seemed, became satisfied that were not correct, and promised to recommend Penniman as a proper person in case he sought employment, but on subsequent conversation with Fiske, he repeated the assertions, and further that he could prove them to be true. Baker, after this conversation, refused to give the promised letter of recommendation. Plaintiff then commenced this action.

On the part of defendant a number of witnesses were called and examined to prove plaintiff unworthy of trust, and that he was a person of immoral character; that his general reputation was bad, and while in the employ of the Sitka Ice Company he retained $300 of the money that came into his hands. But it was shown that this amount was due to him for salary, and that he kept it, after consulting and receiving advice of counsel to that effect. Plaintiff was also at one time in the employ of the Pacific Steamship Company.

*G. F. & W. H. Sharp,* for Plaintiff.

*Crockett & Page,* for Defendant.

NORTON, J., charged the jury: If they believed defendant had called plaintiff " a thief," or charged him with any crime equivalent to it, and it was untrue, plaintiff was entitled to recover without showing special damage. If the defendant charged plaintiff with being untrustworthy, as a clerk, and by reason of it he lost his employment, he was entitled to recover special damages by reason of the loss of employment, unless defendant showed justification, or a proper defense. If the jury believed that defendant had stated that plaintiff was not trustworthy, and the same was true, then defendant is entitled to a verdict. If they believe Penniman was not discharged by reason of the utterance of the alleged slanderous words by Fiske, and has shown no special damages, then plaintiff cannot recover.

The jury failed to agree upon a verdict.